FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 10 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JESSIE TURNER, Individually and on**                                          **PLAINTIFF**
**Behalf of All Others Similarly Situated,**
**and MELODEE THOMPSON**

vs.                                    No. 4:20-cv-*44-LPR*

**M.I.H. SALES & MARKETING, INC.,**                                          **DEFENDANT**
**and JOHN HILGER**

This case assigned to District Judge *Rudofsky*
and to Magistrate Judge *Deere*

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COME NOW Plaintiff Jessie Turner, individually and on behalf of all others similarly situated, and Plaintiff Melodee Thompson, by and through their attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants M.I.H. Sales & Marketing, Inc., and John Hilger (collectively "Defendant" or "Defendants"), they state and allege as follows:

### I.       PRELIMINARY STATEMENTS

1.       This is a collective action brought by Jessie Turner, individually and on behalf of all others similarly situated, and Melodee Thompson (collectively "Plaintiffs") against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and Ark. Code Ann. § 11-4-405.

2.     Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because the State of Arkansas has person jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

7.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

8.     Plaintiff Jessie Turner ("Turner") is an individual and resident of Pulaski County.

9.     Plaintiff Melody Thompson ("Thompson") is an individual and resident of Pulaski County.

10.     At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

11.     Separate Defendant M.I.H. Sales & Marketing, Inc. ("MIH"), is a domestic, for-profit corporation.

12.     MIH's registered agent for service is John A. Hilger, located at 2006 Kamak Drive, Beebe, Arkansas 72012.

13.     Separate Defendant John A. Hilger ("Hilger") is a resident and domiciliary of Arkansas.

14.     Hilger is the owner, principal, officer and/or director of MIH.

15.     Hilger manages and controls the day-to-day operations of MIH, including but not limited to the decision to not pay Plaintiffs minimum wage for all hours worked, including an overtime premium for all hours worked in excess of forty (40) per week.

16.     Defendants own and operate several Chicken City stores throughout Arkansas, including stores in North Little Rock, Conway, White Hall, Jonesboro and Marion.

17.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

18.     Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

19.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV.        FACTUAL ALLEGATIONS

20.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

21.     Turner worked for Defendant as a cashier and delivery driver from approximately August of 2019 to November of 2019.

22.     Thompson worked for Defendant cashier from approximately August of 2019 to November of 2019.

23.     As cashiers, Plaintiffs performed duties such as servicing customers and keeping the store in order.

### A.     Mileage

24.     As a delivery driver, Turner drove from store to store, delivering inventory as necessary.

25.     Turner often drove his own vehicle during deliveries.

26.     Turner drove approximately 500 miles each week.

27.     Defendants did not sufficiently reimburse Turner for gas, mileage and automobile expenses.

28.     According to the Internal Revenue Service, the standard mileage rate for the use of a car during 2019 was 58 cents per mile.

29.     Because Turner drove approximately 500 miles per week and was paid at or near the Arkansas minimum wage, Turner consistently "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* C.F.R. § 531.35.

30.     As a result of the automobile expenses incurred by Turner, he was deprived of minimum wages guaranteed to him by the FLSA and the AMWA.

### B.   Off-the-Clock Time

31.   Plaintiffs and similarly situated employees clocked in and out using Defendants' timecard system.

32.   Defendants required Turner to run errands before and after work, which time went unrecorded and uncompensated.

33.   Turner's "off-the-clock" hours amounted to approximately one to two hours per week for which Turner was not compensated.

34.   Thompson began working for Defendants in August of 2019, but Defendants did not put her on the payroll until November of 2019.

35.   From August of 2019 until early November of 2019, Thompson worked approximately twenty hours per week which went unrecorded and uncompensated.

36.   Defendants knew or should have known that Plaintiffs were working off-the-clock hours for which they were not compensated.

### C.   Failure to Pay Overtime

37.   Plaintiffs' and similarly situated employees' paychecks did not reflect more than forty hours a week, even if they did in fact work more than forty hours in a week.

38.   Turner regularly worked more than forty hours in a week.

39.   Defendant paid Turner "under the table" for all hours worked over forty in a week, but he did not include an overtime premium for hours worked over forty in a week.

40.   Defendants willfully failed to pay overtime wages to Plaintiffs and similarly situated employees who worked more than forty (40) hours in a week during the time period relevant to this Complaint.

**D.      Last Paycheck**

41.      Plaintiffs were discharged from Defendant's employment in November of 2019.

42.      Defendant withheld Plaintiffs final paychecks. To date, Plaintiffs have not received their final paychecks.

## V.      REPRESENTATIVE ACTION ALLEGATIONS

43.      Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

44.      Turner brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      Minimum wage for all hours worked;

B.      Overtime premiums for all hours worked over forty (40) hours in any week;

C.      Liquidated damages; and

D.      Attorney's fees and costs.

45.      Plaintiff proposes the following class under the FLSA:

**All hourly-paid employees within the last three years.**

46.      In conformity with the requirements of FLSA Section 16(b), Plaintiff Turner has filed or will soon file a written Consent to Join this lawsuit.

47.      The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48.     The members of the proposed FLSA class are similarly situated in that they share these traits:

A.     They were subject to Defendant's common policy and practice of failing to pay an overtime premium for all hours worked over forty (40) per week;

B.     They recorded their time in the same manner; and

C.     They had substantially similar job duties, requirements, and pay provisions.

49.     Plaintiff is unable to state the exact number of the class but believes that the class exceeds forty (40) persons.

50.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

51.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

52.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

53.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

54.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

57.    Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

58.    Defendant failed to pay Plaintiffs minimum wage for all hours worked.

59.    Defendant failed to pay Plaintiff Turner one and one-half times his regular rate for all hours worked in excess of forty hours per week.

60.    Defendant knew or should have known that its actions violated the FLSA.

61.    Defendant's conduct and practices, as described above, were willful.

62.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

63.    Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violation)

65.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

66.     Plaintiff Turner asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

67.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

68.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

69.     Defendant classified Turner and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

70.     Defendant failed to pay Turner and similarly situated employees one and one-half times their regular rate for all hours worked in excess of forty hours per week.

71.     Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours over forty (40) per week, in violation of the FLSA.

72.     Defendant knew or should have known that its actions violated the FLSA.

73.     Defendant's conduct, as described above, has been willful.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Turner and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Turner's initial complaint, plus periods of equitable tolling.

75.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Turner and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Turner and the collective action members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     THIRD CLAIM FOR RELIEF
### (Individual Claims for AMWA Violations)

77.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

78.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

79.  At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

80.  Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

81.  Defendant classified Plaintiffs as non-exempt from the requirements of AMWA.

82.  Defendant failed to pay Plaintiffs a minimum wage for all hours worked.

83.  Defendant failed to pay Turner an overtime premium as required under the AMWA for all hours that Turner worked in excess of forty (40) per week.

84.  Defendant knew or should have known that its practices violated the AMWA.

85.  Defendant's conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary, and in bad faith.

86.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.    FOURTH CLAIM FOR RELIEF

### (Individual Claims for Violation of Ark. Code Ann. § 11-4-405)

87.  Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

88.    Plaintiffs assert this claim for damages and declaratory relief pursuant to Ark. Code Ann. § 11-4-405.

89.    At all relevant times, Defendant was Plaintiffs' employer for purposes of Ark. Code Ann. § 11-4-405.

90.    Ark. Code Ann. § 11-4-405 requires employers to pay all wages due to a discharged employee by the next regular payday.

91.    Defendant discharged Plaintiffs but failed to pay Plaintiffs all wages due to them within the requisite time period.

92.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jessie Turner, individually and on behalf of all others similarly situated, and Plaintiff Melodee Thompson respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.    Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.      Judgment for damages and liquidated damages owed to Plaintiffs under Ark. Code Ann. § 11-4-405;

F.      An order directing Defendant to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JESSIE TURNER, Individually and on Behalf of All Others Similarly Situated, and MELODEE THOMPSON, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JESSIE TURNER, Individually and on**                      **PLAINTIFF**
**Behalf of All Others Similarly Situated,**
**and MELODEE THOMPSON**

vs.                                   No. 4:20-cv-*44-LPR*

**M.I.H. SALES & MARKETING, INC.,**                          **DEFENDANT**
**and JOHN HILGER**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for M.I.H. Sales & Marketing, Inc., and John Hilger within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**JESSIE TURNER**

January 10, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**